IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon T. Edwards, ) | Civil Action No.: 8:17-3325-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Brian Keith Devine's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

**BACKGROUND**

Plaintiff protectively filed applications for DIB and SSI on September 19, 2013, and alleging a disability onset date of January 1, 2013. His claims were denied initially and

upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on June 17, 2016. The ALJ issued a decision on November 9, 2016, finding Plaintiff not disabled. Plaintiff requested review, but on October 16, 2017, the Appeals Council issued a notice denying Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review of the Commissioner's final decision on December 9, 2017.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.      The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer

3

> is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 1, 2013. Next, the ALJ determined that Plaintiff has the following severe impairments: asthma and obesity. The ALJ also noted that Plaintiff's nonsevere impairments include history of hydrocephaly, history of motor vehicle accident, enlarged prostate, hypertension, hyperlipidemia, diabetes, colon polyps, gastroesophageal reflux, anxiety and depression, and sleep apnea. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except that Plaintiff can only occasionally climb ladders, ropes, or scaffolds, climb ramps or stairs, and engage in activities requiring balance; should avoid concentrated exposure to extreme temperatures; and can have only occasional exposure to airborne

irritants and to hazards such as work with machinery having moving mechanical parts, the use of commercial vehicles, and unprotected heights. The ALJ found that Plaintiff is able to perform his past relevant work as a copywriter. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the decision.

## II. The Court's Review

In this action, Plaintiff asserts that the Court should reverse the decision of the Commissioner and award benefits. In support of this assertion, Plaintiff submits additional medical evidence, specifically, an MRI of his cervical spine taken from January 19, 2018. Plaintiff argues that he complained of neck pain during the hearing and asserts that this new medical evidence relates to his testimony.

The Magistrate Judge considered Plaintiff's argument but found that Plaintiff failed to show that the new evidence warranted remand under sentence six of 42 U.S.C. § 405(g). Specifically, the Magistrate Judge found that Plaintiff failed to show that the new evidence is material. Plaintiff filed objections to the Magistrate Judge's Report; however, a review of Plaintiff's objections indicates that they do not point to any specific legal or factual errors in the Magistrate Judge's Report. Instead, Plaintiff's objections merely reiterate the arguments raised in his brief.[1] Ultimately, the Court finds Plaintiff's objections without merit, and the Court wholly agrees with the Magistrate Judge that Plaintiff has failed to show that remand is warranted under sentence six. *See Fagg v. Chater*, 106 F.3d 390 at * 2 (4th Cir.1997) (noting that the plaintiff bears the burden of proving that the requirements of a sentence six remand are satisfied).

---

[1] In fact, the Court notes that several portions of Plaintiff's objections are identical to portions of his brief. (*Cf.* ECF No. 9 at 2-3 *and* ECF No. 15 at 2-3.)

As the Magistrate Judge explained, pursuant to sentence six of 42 U.S.C. § 405(g), a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). Under *Borders v. Heckler*, 777 F.2d 954, 955(4th Cir.1985), additional evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative;" "material to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before her;" "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary"; and "the claimant must present to the remanding court 'at least a general showing of the nature' of the new evidence." *Id.* There is some question in this circuit whether the four factor test applied in Borders has been superseded by the revised version of Section 405(g) cited above. In *Wilkins v. Sec'y of Dep't of Health & Human Services*, 925 F.2d 769, 774 (4th Cir.1991), vacated en banc on other grounds, 953 F.2d 93, the court suggested in a parenthetical that *Borders* had been superseded by statute. However, *Borders* has not been overruled, and the Supreme Court cited the case in *Sullivan v. Finkelstein*, 496 U.S. 617 (1990), and did not suggest that it is improper to consider the *Borders* factors. In addition, courts within this district continue to use the *Borders* test. *See, e.g.*, *Gilchrist v. Colvin*, No. 1:14-cv-02196-DCN, 2016 WL 1178204, *4 (D.S.C. March 28, 2016); *Wallace v. Comm'r of Soc. Sec.*, No. 8:10-cv-1031, 2011 WL 4435793, at *4 (D.S.C. Sept. 23, 2011).

Here, the Court agree with the Magistrate Judge that Plaintiff has failed to show that the additional evidence is material. As the Magistrate Judge explained, the additional

evidence consists of an MRI from more than one year after the relevant period, and Plaintiff has offered no evidence to indicate that this evidence reflects his condition during the relevant period. Moreover, the new evidence is a raw MRI result without any accompanying physician's explanation or interpretation, and Plaintiff offers no evidence to show how this MRI would affect the ALJ's assessment of Plaintiff's functional limitations.

In addition to the foregoing, although the Magistrate Judge made no findings on this point, the Court agrees with the Commissioner that Plaintiff has failed to show good cause for the late submission of this evidence. Plaintiff asserts that his neck pain is a long-standing problem stemming from a motor vehicle accident in 1968. Thus, Plaintiff was clearly aware of his alleged neck problems during the pendency of his claims before the Commissioner; however, he never explains why he did not seek imaging of his cervical spine prior to 2018, or ultimately why he did not seek an extension of time to submit new evidence to the Appeals Council. Under the circumstances, the Court finds that Plaintiff has utterly failed to establish the requirements for a sentence six remand. *See Fagg v. Chater*, 106 F.3d 390 at * 2 (4th Cir.1997) (noting that the plaintiff bears the burden of proving that the requirements of a sentence six remand are satisfied).

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 14) and affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 12, 2019
Charleston, South Carolina